UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL FRANCIS MOYNIHAN, JR., )
) CASE NO. C11-1836-JCC-MAT
    Plaintiff, )
)
v. )
) REPORT AND RECOMMENDATION
KEEFE COMMISARY NETWORK, )
)
    Defendant. )
_____ )

This matter comes before the Court *sua sponte*. The Clerk of Court informed *pro se* plaintiff Michael Francis Moynihan, Jr., who at the time appeared to be incarcerated in Snohomish County Jail, that his application to proceed *in forma pauperis* ("IFP") was deficient. (Dkt. 4.) Mr. Moynihan did not respond to the Clerk's IFP-deficiency letter, instead requesting in November 2011 to have all deadlines stayed in his many cases in the Western District of Washington because of his difficulty in accessing legal records. (Dkt. 5.) He did not discuss why lack of access to legal files would prevent him correcting an IFP deficiency; he did, however, provide a new mailing address that, coupled with returned mail, suggests he is no longer incarcerated in Snohomish County Jail and is living in a multi-occupancy home in North Bend. The Court recommends **DENYING** as moot Mr. Moynihan's request to stay this action

REPORT AND RECOMMENDATION
PAGE -1

(Dkt. 5) because, having reviewed Mr. Moynihan's complaint, the Court recommends **DISMISSING** this matter without prejudice as duplicative of the complaint in *Moynihan v. Keefe Commissary Network*, C11-1830-JCC-MAT (W.D. Wash., filed November 1, 2011) (hereinafter "*Keefe I*").

In *Keefe I*, Mr. Moynihan brings the same Racketeering Influenced and Corrupt Organizations ("RICO") Act claims against the same defendant as in the present action. The only difference between the complaint in *Keefe I* and the complaint in the present action is that Mr. Moynihan appears to have pruned out clearly irrelevant assertions and changed the citation to an inapplicable statute that refers to the authority of federal district courts. *Keefe I* is before the same district judge and magistrate judge as the present action. Allowing the present action to proceed simultaneously with *Keefe I* would therefore waste judicial resources and potentially cost Mr. Moynihan twice the filing fees for no good reason. No amendment of Mr. Moynihan's complaint will cure the duplicative nature of his present action. *See Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that a *pro se* litigant should be afforded the opportunity to amend the complaint unless "it is absolutely clear that no amendment can cure the defect"). If the two actions somehow differ, Mr. Moynihan's rights are protected by moving to amend his complaint in *Keefe I*. A proposed order is attached.

DATED this 17th day of January, 2012.

Mary Alice Theiler
United States Magistrate Judge